WILLIAM JOHNSON, Appellant, *v.* DANIEL S. YOUNGS, Respondent.

In an action alleging a partnership between the parties (which was denied by the answer) and asking for an accounting, an order of reference was entered directing the referee, 1st. To hear, determine and report as to whether the partnership existed. 2d. Staying proceedings thereon to enable either party to move for a new trial at General Term. 3d. If the referee found, or if upon the motion for a new trial it should be determined that a partnership existed, then that an accounting be taken by the referee. The referee reported that a partnership existed and directed an accounting. *Held,* that a motion at General Term to set aside the report and for a new trial was proper, as was also an appeal to this court from the order of General Term granting a new trial. (Code, § 268.)

Where an order shows that the motion was granted upon questions of fact, every question of law and fact appearing in the record is open for review here.

(Argued May 7, 1875; decided June term, 1875.)

THIS was an appeal from an order of the General Term of the Superior Court of the city of New York, setting aside the report of a referee and granting a new trial.

The complaint in this action alleged that the parties entered into a partnership for the purpose of erecting certain buildings, and as partners did the work on joint account and for their mutual benefit, and asked for an accounting and settlement of the partnership accounts. Defendant denied the partnership, and alleged that the work specified was done by him on his individual account. The action was referred by consent to a referee to hear and determine :

" First. Whether the buildings were erected and work done, or any part thereof, as stated in the complaint of plaintiff, in the joint account and for the mutual benefit of the plaintiff and the defendant; and if the said referee shall find that said buildings were so erected, or work done, or any part thereof, in the joint account, and for the mutual profit of the plaintiff and defendant, he shall so report; and,

" Second. That when the said referee shall have made his·

report on the matters embraced in paragraph " First," all proceedings shall be stayed for twenty days from the time of filing of said report, to enable either party to move for a new trial at General Term, and if neither party shall move for such new trial within said twenty days, then if the report is in favor of the plaintiff on the matters embraced in paragraph " First," plaintiff shall proceed and upon a notice and as mentioned in paragraph " Third" of this order, and if upon the decision of said motion for a new trial, said partnership shall be found to have existed, then the referee is to proceed as mentioned in said paragraph " Third."

Third. Upon notice of five days to the defendant, said referee shall thereupon take and state an account of all such transactions as are stated in the complaint between the plaintiff and the defendant, and the said parties are to produce before the said referee all books, deeds, papers and writings in their custody or under their control relating thereto, and are to be examined as the said referee shall direct, who, in taking the said account, is to make all just allowances to the parties as between themselves; and what in the balance of the said account shall appear to be due from either party to the other is to be paid as the said referee shall direct."

The referee made a report finding the existence of the partnership substantially as alleged in the complaint and directing an accounting. Defendant moved on a case to set aside the report and for a new trial. The motion was granted. The order of General Term stated that the facts proved were insufficient to establish the partnership and that the exceptions to the findings of fact on the ground that the same were unsupported by the evidence, were well taken. *Held*, that the motion was properly made under section 268 of the Code, as amended in 1867; that an appeal from the order of General Term was properly taken under said section, and that under the order every question of fact and law was open for the consideration of this court.

The court thereupon proceeded to examine the evidence, and came to the conclusion that the order of General Term was right.

*A. S. Diossy* for the appellant.

*Geo. W. Lord* for the respondent.

REYNOLDS, C , reads for affirmance.

All concur.

Order affirmed and judgment absolute directed against plaintiff.